O’Connell, J.
Plaintiff alleges for a cause of action that one of his children having become stricken with diptheria, the. defendant village thereafter, “through its duly authorized board of health and its agents” detailed a certain person “to fumigate a certain room or rooms in plaintiff’s house, and intrusted the said agent with certain apparatus for fumigating. ’ ’
*251 The petition describes the manner in which the apparatus was used, and the damage which resulted to his property other than what was contained in the bed room used by the sick person.
The petition then alleges, “that said fumigating apparatus was out of repair, and that the said agent was unskillful and negligent in handling the same, and that the said defendant was negligent in sending out said apparatus in the hands of an unskilled person, ’ ’ and that by reason thereof the plaintiff has been damaged, for which he prays judgment.
To this petition the defendant village filed a general demurrer.
This raises the question of the liability of a municipality for damages done by a board of health through its officers and agents in carrying out the order of the said board.
It will be observed that this is an action in tort for the careless and negligent conduct of the board and its agent.
The right of the board of health to enter the plaintiff’s premises for the purpose of fumigating the same is conferred by statute.
Section 1536-741, Revised Statutes, provides:
“When such person (afflicted with , small-pox, diphtheria and other enumerated diseases) has recovered and is no longer liable to communicate the disease to others, or has died, * # * and as soon thereafter as the board of health deems it advisable its health officer or other person appointed for the purpose shall thoroughly disinfect and purify the house and contents thereof in which such person has been ill or has died, which disinfection and purification shall be done in accordance with the rules and regulations adopted and promulgated by the state board of health, and the local board of health may purchase such disinfecting apparatus and supplies as it deems necessary for such purpose; * * * the expenses of disinfection shall be paid by the local board of health, and said board may destroy any infected clothing, bedding, and other article which can not be made safe by disinfection, * * * and when any buildings, hut, or other structure has become infected with small-pox or other dangerous communicative disease, and can not, in the opinion of the board of health, be made safe by disinfection, the board may have such building, hut, or other structure appraised and destroyed.”
The remaining paragraphs of this section of the statute provide the means whereby the owner can be paid for such injury *252 or destroyed property, giving the owner the right to enter suit in ease he is not satisfied with the amount allowed by the board of health or other proper board as the value of the property injured or destroyed.
The plaintiff does not bring himself within the provisions of this statute because the property destroyed was not infected bedding, etc., voluntarily destroyed by the board of health in lieu of fumigation. ITe is not suing for the value of property destroyed, on which the board of health places one valuation and he another; but his is an action for damages for .the wrongful and negligent acts of the board and its agents in the prosecution of the fumigation.
The board of health is a board exercising governmental functions ; it is engaged in the performance of a public service from which the village receives no pecuniary or special advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants of the village. The protection 'of the people of a municipality from disease and pestilence is a duty pertinent to the exercise of the governmental functions of the municipality.
In the case of Frederick v. Columbus, 58 O. S., 538, the court holds that:
“A municipal corporation is not, in the absence of any statutory provision, liable in damages to one injured by the negligent acts of its fire department, or any of its members.”
This was decided on the ground that the act of the city in providing means for the extinguishing of fires, is governmental in its nature, and the city, therefore, is not liable for damages arising through the acts of the fire department.
The latest decision of our Supreme Court in a similar case is reported in Bell v. Cincinnati, 80 O. S., 1. In that case a guard of the city work house was injured through the premature explosion of some percussion caps, to be used in quarrying stone by prisoners of the city work house. The court held that in the maintenance of a city work house, even though the rock quarried was sold (in an effort to make the institution self supporting), *253 the city through its directors of public service acts in a governmental capacity, and "if the relation the city bore to the work house -and quarry was governmental, and their operation and control were the exercise of governmental power, the city is not liable to plaintiff, even if he was injured through the neglect and want of care of some other or superior officer of that institution, where the statute creates no such liability. ’ ’
The only liability created by statute affecting boards of health, is the liability which arises through the voluntary destruction by the board of that which, in its judgment, is a menace to public health.
In Toledo v. Turner, 15 C. C., 627, the court held that the city of Toledo was not liable in damages to a person quarantined by order of the board of health.
Counsel for plaintiff contends that "it was the purpose of the Legislature (in Section 1536-741, Revised Statutes) to provide compensation for property destroyed for the purpose of promoting the public health.”
That is true, but the petition does not bear out this contention. The property destroyed and for which damages are asked, was not destroyed for the purpose of promoting the public health. The articles destroyed were in another room from the sick room and consisted of hard wood floor, curtains, mantel, etc., destroyed "through the negligence of the person using the disinfecting apparatus.”
The action is one of damages for negligence. It is not one for compensation for property destroyed for the public benefit for which the Legislature authorizes payment and permits the owner to sue if proper payment be not made.
There was no benefit ■ derived by the public through the destruction of the property mentioned in the petition; there was, however, benefit derived by the public through the destruction of the blankets, bedding, etc., used in the sick room. For their destruction the village should make payment if it has not done so. But that question is not presented in this petition.
The demurrer to- the petition should therefore be sustained.